Edward J. STEFANOWICZ

v.

David MATHEWS, Secretary of Health, Education & Welfare.

Civ. A. No. 76–1187.

United States District Court, E. D. Pennsylvania.

Sept. 30, 1977.

Anthony J. Miernicki, Shenandoah, Pa., for plaintiff.

Robert N. deLuca, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This case is an appeal from a final decision by the Secretary of Health, Education and Welfare, denying plaintiff "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 et seq. Both parties have moved for summary judgment. Under the applicable standard of review, this court must treat the secretary's findings as conclusive if supported by substantial evidence. 30 U.S.C. § 923(b), incorporating 42 U.S.C. § 405(g). See *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The facts in this case are not greatly different from those of other black lung cases. Plaintiff was employed for over 10 years as a coal miner. He attempted to establish that he had pneumoconiosis as of June 30, 1973, the cut-off date for filing black lung claims with the Secretary of Health, Education and Welfare.[1] The administrative law judge found that plaintiff had failed to show through the use of (1) x-rays, and (2) ventilatory studies, that he was entitled to the presumption of disability under the interim rules of 20 C.F.R. § 410.490. The administrative law judge also found that plaintiff had failed to present "other relevant evidence" sufficient to establish total disability under 20 C.F.R. § 410.414(c) of the permanent rules.

Plaintiff first attacks the form of the administrative law judge's written findings. He contends that these findings were ambiguous and were not properly referenced to the appropriate pages of the hearing transcript. This contention is unpersuasive. The judge's findings were set forth clearly after a thorough evaluation of the evidence. The evaluation contains references to the exhibits filed in the case. While there are no references to pages of the hearing transcript, it should be noted that the tape recording of the hearing in a black lung case is only transcribed after an appeal is filed or an action is commenced against the Secretary, or when a transcript is ordered by the administrative law judge or the Appeals Council. 20 C.F.R. § 410.644.

■ As to the substance of the administrative law judge's decision, I turn first to his findings with respect to the interim criteria contained in 20 C.F.R. § 410.490. Under this section of the Regulations a claimant may qualify for an interim presumption of disability on the basis of a chest x-ray, biopsy or autopsy (§ 410.490(b)(1)(i)). Furthermore, ventilatory studies may suffice in the case of one who was employed as a miner for at least fifteen years. (§ 410.490(b)(1)(ii)). Plaintiff's chest was x-rayed on December 18, 1973. This x-ray was read by a certified "A" reader as showing pneumoconiosis, category 1/o. It was later reread as completely negative by two certified "B" readers.[2] Thus, the finding that plaintiff was not entitled to an interim presumption under 20 C.F.R. § 410.490(b)(1)(i) is supported by substantial evidence. See *Kalades v. Matthews,* C.A. No. 76–249, slip op. at 3, 6 (E.D.Pa. Nov. 5, 1976); *Grouge v. Matthews,* C.A. No. 76–1710 slip op. at 2 (E.D.Pa. April 7, 1977).

■ Plaintiff also submitted ventilatory studies. These were made on three occasions, June 20, 1973, August 10, 1973, and December 18, 1973. The first two were rejected by the judge for noncompliance with 20 C.F.R. § 410.430, although the results of both tests apparently came within the values listed under 20 C.F.R. § 410.490(b)(1)(ii) and would have qualified the plaintiff for the presumption of disability under that section. The August 10, 1973, test was rejected because the paper speed was too slow and plaintiff's effort was determined to be less than optimal by a medical consultant for the Bureau of Disability Insurance who reviewed the results. The June 20, 1973, test was conducted by plaintiff's own doctor and was rejected as not complying in several respects with 20 C.F.R. § 410.430. The remaining ventilatory study had an $FEV_1$ value in excess of the maximum value that would give rise to the presumption under 20 C.F.R. § 410.490(b)(1)(ii). The judge's finding that plaintiff did not qualify for the interim presumption under this section, therefore, is also supported by substantial evidence.

■ Having failed to qualify under the interim criteria, plaintiff tried to prove disability by introducing "other relevant evidence" under 20 C.F.R. § 410.414(c). This consisted mainly of plaintiff's own testimony and the testimony of his doctor. The

---

1. With certain exceptions, the responsibility for adjudicating claims based on disability arising after June 30, 1973, rests with the Secretary of Labor.

2. The "B" certification for readers of coal miners' x-rays is the highest certification given by the National Institute of Occupational Safety and Health, Public Health Service.

doctor's diagnosis depended in part on the previously mentioned tests of June 20, 1973, and August 10, 1973. The regulation, 20 C.F.R. § 410.414(c), states that other relevant evidence includes pulmonary function studies. The administrative law judge again refused to consider the June and August tests, however, because they did not comply with 20 C.F.R. § 410.430. I hold that this was error. Even if the tests did not satisfy 20 C.F.R. § 410.430, the administrative law judge should have considered them for whatever evidentiary value they might have, under the heading of "other relevant evidence." A liberal reading of the regulations requires this result.

 It is clear that when ventilatory studies are to be used as the basis for a statutory presumption of disability, they must be conducted in accordance with the guidelines established in § 410.430. The question remains, however, as to whether these same guidelines also apply when such studies are merely offered as other relevant evidence under 20 C.F.R. § 410.414(c). Resolution of this issue appears to lie in the obvious intent of § 410.414(c) to admit anything of evidentiary value including testimony of the claimant as to his subjective symptoms. The fact that the paper speed on a pulmonary function test is too slow to satisfy 20 C.F.R. § 410.430 does not necessarily render it devoid of all evidentiary value.

The language used in the regulations also favors this result. Section 410.430 is entitled "Ventilatory studies." This is the key term found in § 410.490(b)(1)(ii) and in § 410.426(b), both of which deal with the statutory presumption based upon ventilatory tests. Thus, § 410.430 must be read into each of these sections. The term used in 20 C.F.R. § 410.414(c), however, is "pulmonary function studies." I am unwilling to read the requirements of § 410.430 into § 410.414(c) absent a clear indication that such a result was intended.

Accordingly, this case is remanded to the administrative law judge for reconsideration of the "other relevant evidence" under 20 C.F.R. § 410.414(c), including a consideration of the pulmonary function studies, for whatever evidentiary value they may have.

### ORDER

AND NOW, this 30th day of September, 1977, having considered the briefs of counsel, the cross-motions for summary judgment are refused and the matter is remanded to the Secretary of Health, Education & Welfare for further proceedings in accordance with the foregoing opinion.